UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANDREW MICHAEL VAN METER                                              PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 1:09CV287-RHW

CLIFFTON EALEY et al                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following a screening hearing conducted pursuant to 28 U.S.C. § 1915A. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that the law library and legal research services at the Harrison County Adult Detention Center were constitutionally inadequate. Van Meter was first arrested on September 14, 2007, for uttering forgery and grand larceny. He was represented by an attorney from the public defender's office from the time of his preliminary hearing on the charges. Van Meter ultimately entered a plea of guilty on November 14, 2008, to one count of uttering forgery. The remaining counts were dismissed. Van Meter received a three-year sentence of non-adjudicated probation.

Van Meter indicated that his inadequate law library claim relates to the services at the Harrison County jail. He claims that the library provided him with the wrong cases, some requests were ignored, and he was not allowed to use the law library. Van Meter admits that he was represented by appointed counsel from the time of his preliminary hearing through to his guilty plea. He further concedes that he received a favorable plea deal when he was sentenced to non-adjudicated probation. Van Meter states that he is not complaining about the outcome of the criminal proceedings in Harrison County, but rather the process for legal research at the jail.

Prisoners have a constitutional right of meaningful access to the courts through adequate

law libraries or assistance from legally trained personnel. *Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996). Before a prisoner may prevail on a claim that his constitutional right to access of the court was violated due to an inadequate law library, the prisoner must demonstrate that his position as a litigant was prejudiced. *See McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998).

Plaintiff's claim regarding the adequacy of the law library fails because he has not alleged any prejudice to his position as a litigant. To the contrary, Van Meter indicated that he was pleased with the outcome of his guilty plea. At most, he speculates that better access to legal materials would have moved the process along more quickly. However, Plaintiff does not explain how improved and better quality access to the law library would have resulted in a quicker resolution. Regardless, Van Meter was represented by legal counsel during the proceedings against him; therefore, he cannot demonstrate that his access to the courts was somehow unconstitutional.

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for which relief may be granted; therefore, his lawsuit is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(d)(2)(B)(ii) and § 1915A(b)(1). Plaintiff is cautioned that his dismissal for failure to state a claim constitutes a strike under 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes he will be barred from bringing a civil action or appeal a judgment in a civil action proceeding under § 1915, unless Plaintiff is under imminent danger of serious physical injury.

SO ORDERED, this the 29th day of June, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE